IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGE CHIALA FARMS, INC., ET AL.,<br><br>             Plaintiffs,<br>  v.<br>U.S. AG SOLUTIONS, LLC, ET AL.,<br><br>             Defendants. | CASE NO. 5:11-cv-00884 EJD<br><br>**ORDER DENYING PLAINTIFFS'**<br>**MOTION FOR DEFAULT JUDGMENT**<br><br>[Docket Item No. 34] |

In this action under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et. seq., Plaintiff George Chiala Farms, Inc. ("Chiala") and Plaintiff Muranka Farm, Inc. ("Muranka") move for entry of default judgment against Defendant U.S. Ag Solutions, LLC ("USAS"). See Docket Item No. 34. USAS has not submitted written opposition to the motion, and the time for such opposition has expired. See Civ. L. R. 7-3(a). For the reasons discussed below the motion is DENIED.

**I. BACKGROUND**

Plaintiffs are PACA licensees in the business of selling perishable agricultural commodities. See First Am. Compl. ¶¶ 3-4, 9-11, Docket No. 11. Chiala's principal place of business is in Morgan Hill, California, and Muranka's principal place of business is in Moorpark, California. Id. at ¶¶ 3-4. USAS is a limited liability company with an address in San Luis Obispo, California. Id. at ¶ 4. Defendant Christopher Freitas ("Freitas") is an officer, director, shareholder, and/or managing member of USAS and maintains a residence and/or principle place of business within the

1

jurisdictional boundaries of this court. Id. at ¶ 5. Between on or about August 3, 2010 and November 1, 2010, in a series of transactions, Chiala sold and shipped perishable agricultural commodities to USAS at USAS's request, for which USAS agreed to pay Chiala in principal amounts at least as great as the sum of $168,109.00. Id. at ¶ 9. Between on or about December 14, 2010 and April 7, 2011, in a series of transactions, Muranaka sold and shipped perishable agricultural commodities to USAS at USAS's request, for which USAS agreed to pay Muranaka in principal amounts at least as great as the sum of $107,781.12. Id. at ¶ 10. Plaintiffs provided to USAS invoices for each shipments on the date of the transaction, all of which contained the following statement:

> "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received."

See Decl. Of Tim Chiala ¶ 8, Ex. 1, Docket No. 34-3; Decl. of Greg Emi ¶ 8, Ex. 1, Docket No. 34-4. The invoices further provide for attorneys fees incurred in legal action filed to collect the sums due and for finance charges on delinquent accounts at the rate of 1.5% per month, or 18% annually. See First Am. Compl. ¶ 11.

The total price of the produce accepted by USAS is $275,890.12. See id. at ¶ 12. Plaintiffs filed this action on February 24, 2011, and the Clerk entered USAS's default on August 29, 2011. See Docket No. 29. Plaintiffs now seek an order granting default judgment.

## II. DISCUSSION

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

The Ninth Circuit has provided seven factors for consideration by the district court in

2
CASE NO. 5:11-cv-00884 EJD
ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

exercising its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect and; (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

When assessing these factors, all factual allegations in the complaint are taken as true, except those with regard to damages. Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

**B.    Jurisdiction and Service of Process**

Courts have an affirmative duty to examine their own jurisdiction—both subject matter and personal jurisdiction—when entry of judgment is sought against a party in default. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). Since this is an action under PACA, federal subject matter jurisdiction arises under 29 U.S.C. §§ 1331 and 1367. Personal jurisdiction arises from USAS's commercial activities within California. See Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990).

The court must also assess whether USAS was properly served with notice of this action. Plaintiffs personally served the Summons and Complaint on USAS's authorized agent for service of process, Christopher J. Freitas, on July 18, 2011. See Docket Item No. 17. Thus, the court finds Plaintiffs properly effected service of process. Fed. R. Civ. Proc. 4(h)(1)(B) (a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.").

**C.    The Eitel Factors**

The court begins by addressing the merits of Plaintiffs' substantive claims and the sufficiency of the complaint because it finds these issues to be dispositive of the motion. Judgment by default cannot be entered if the complaint fails to state a claim. See Moore v. United Kingdom, 384 F.3d 1079, 1090 (9th Cir. 2004). In the instant action, Plaintiffs primarily seek to enforce a PACA trust against USAS. See First Am. Compl. ¶¶ 15-25. The elements of a PACA trust claim are (1) a

transaction; (2) purchase and receipt of the perishable agricultural commodities by a commission merchant, dealer, or broker engaged in the handling of produce in interstate and/or foreign commerce, who is thus subject to PACA; (3) a failure to pay fully and promptly, or a failure to maintain the trust as required by § 499e(c); and (4) preservation of trust rights by the seller by notifying of intent to preserve the benefits of the trust on invoices or billing statements. See 7 U.S.C. §§ 499b, 499e(c); see also Sunkist Growers, Inc. v. Fisher, 104 F. 3d 280, 284 (9th Cir. 1997).

The First Amended Complaint does not allege that Plaintiffs gave written notice of their intent to preserve the benefits of the trust by including the statutorily-required language in the invoices sent to USAS or by any other means. See 7 U.S.C.A. § 499e(c)(3)-(4). Instead, the First Amended Complaint merely alleges that the invoices contained the amounts owed, provisions for recovery of attorney's fees, and provisions for finance charges on delinquent accounts. See First Am. Compl. ¶ 11. In support of this motion for default judgment, Plaintiffs have submitted declarations and exhibits demonstrating that the invoices did contain the requisite language. See Decl. of Tim Chiala ¶ 8, Ex. 1; Decl. of Greg Emi ¶ 8, Ex. 1. Thus, Plaintiffs could have pleaded that the invoices contained the requisite language notifying USAS of their intent to preserve the benefits of the trust, but Plaintiffs failed to do so in the First Amended Complaint. See Alan Neuman Productions, Inc. v. Albright, 862 F. 2d. 1388, 1393 (9th Cir. 1988) (failure to sufficiently plead elements of a RICO claim is not cured by evidence presented in support of the motion for default judgment); Lompa Farms, Inc. v. Anchor Warehouse Services LLC, 5:11-CV-00062 EJD, 2012 WL 243340, at *5 (N.D. Cal. Jan. 25, 2012) (finding that the complaint did not meet the pleadings standard required by Fed. R. Civ. P. 8 because it failed to demonstrate plaintiff had notified defendant of plaintiff's intent to preserve the benefits of the trust). The court therefore finds Plaintiffs' allegations insufficient to state a claim under PACA.

As to Plaintiffs' remaining claims for breach of contract, breach of fiduciary duty, and unjust enrichment, Plaintiffs have not briefed the legal sufficiency of these claims and have not explained what disposition is to be made of the claims.

### III. ORDER

IT IS HEREBY ORDERED that Plaintiffs' motion for entry of default judgment is DENIED.

1 The default previously entered against USAS is VACATED.

2     IT IS FURTHER ORDERED that Plaintiffs may amend their complaint to state a claim. Any
3 amended complaint must be filed no later than May 30, 2012.

4     IT IS FURTHER ORDERED that the parties shall appear for a case management conference
5 on June 15, 2012. The parties shall file a joint case management conference statement no later than
6 June 8, 2012.

7     IT IS FURTHER ORDERED that any motion seeking default judgment against only USAS
8 and not against Freitas shall include a discussion of whether default judgment is proper in light of the
9 continuing action against Freitas. See Phoenix Renovation Corp. v. Gulf Coast Software, Inc., 197
10 F.R.D. 580, 582 (E.D. Va. 2000) ("Fed. R. Civ. P. 54(b) authorizes entry of a final judgment as to one
11 of multiple defendants in a civil action following an express finding that 'there is no just reason for
12 delay.' The avoidance of logically inconsistent judgments in the same action and factually meritless
13 default judgments provide 'just reason.'")

14 IT IS SO ORDERED.

15 Dated: May 7, 2012

                                                          EDWARD J. DAVILA
16                                                           United States District Judge